UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH J. VIZZINI | CIVIL ACTION |
| VERSUS | NO. 07-28 |
| AMY FALCON INSURANCE AGENCY, INC. AND STATE FARM INSURANCE COMPANY | SECTION "N" (5) |

### ORDER AND REASONS

Presently before the Court are Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction (Rec. Doc. No. 10) and Defendants' Motion for Summary Judgment (Rec. Doc. No. 15). For the reasons stated herein, **IT IS ORDERED** that Plaintiff's motion to remand is **GRANTED**. Accordingly, the Court does not rule on Defendants' motion for summary judgment.

### BACKGROUND

The parties' submissions reveal that, prior to Hurricane Katrina, Plaintiff had a policy of insurance issued by Defendant State Farm Fire and Casualty Company ("State Farm") for his brokerage business in Metairie, Louisiana. Defendant Amy Falcon Insurance Agency, Inc. ("Falcon") served as the State Farm agent on the policy. The policy provided coverage for Plaintiff's personal property and loss of income.

On or about August 29, 2005, Plaintiff's office suffered "severe flooding" as a result

of Hurricane Katrina.[1]  Plaintiff alleges that, following his submission of claims for wind and flood damage to State Farm, he was informed, for the first time, that his business insurance policy did not provide flood coverage.[2]  As of August 25, 2006, the parties had not satisfactorily resolved Plaintiff's claims under the policy.  Accordingly, Plaintiff filed suit against Defendants in state court.

State Farm removed the action to this Court on January 3, 2007.  Urging that the amount in controversy is less than that required by 28 U.S.C. § 1332, and that Falcon's presence precludes complete diversity, Plaintiff seeks remand to state court.  State Farm disagrees with Plaintiff regarding the amount in controversy in this matter, and contends that Plaintiff improperly joined Falcon as a defendant.  Thus, argues State Farm, Falcon's citizenship is immaterial for purposes of jurisdiction under § 1332.[3]

## LAW AND ANALYSIS

Generally, a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  In assessing the propriety of removal, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.  *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d

---

[1]  *See* Petition at ¶ 6.

[2]  *Id.* at ¶ 8.

[3]  While not addressed in the parties' submissions relative to Plaintiff's motion to remand, State Farm also asserts, in its Notice of Removal, the Multi-Party, Multi-Forum Trial Jurisdiction Act ("MMTJA"), 28 U.S.C. §§ 1369 and 1441(e)(1), as a basis for subject matter jurisdiction in this action. The Court has previously rejected this argument and continues to do so. *See, e.g., Conklin v. Hanover Ins. Co.* 2007 WL 763271, *1 (E.D. La. 2007) (Engelhardt, J.); *see also Sanchez v. State Farm Ins. Co.*, Civil Action No. 06-8483, 2007 WL 609539, *3 (E.D. La. 2007) (Vance, J.).

720, 723 (5th Cir. 2002).  The removing party bears the burden of showing that federal jurisdiction exists at the time of removal.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

The subject matter jurisdiction provided by 28 U.S.C. § 1332 requires that the amount in controversy exceed the sum of $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332.  It also requires complete diversity of citizenship between the plaintiff and all properly joined defendants.  *Id.*  Because the Court finds Plaintiff's challenge to the amount in controversy to be dispositive of this matter, the Court addresses only it herein.

Under Fifth Circuit law, a removing defendant's burden in establishing the requisite amount in controversy differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.  *See Allen*, 63 F.3d at 1335.  When the plaintiff alleges a specific damages figure that exceeds the required amount in controversy, "that amount controls if made in good faith."  *Id.*  (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1939)).  The converse holds true, barring removal, if a plaintiff pleads damages less than the jurisdictional amount.  *Allen*, 63 F.3d at 1335.  "Thus, in the typical diversity case, the plaintiff is the master of his complaint."  *Id.*

In this instance, however, Plaintiff filed his action in Louisiana state court.  There, procedural rules do not allow plaintiffs to plead a specific amount of money damages in the petition.  *See* La. Code Civ. Proc. art. 893.  Under such circumstances, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *See Manguno*, 276 F.3d at 723 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).  "This requirement is met if (1) it is apparent from the face of the petition that the claims

3

are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Id*.

If the defendant meets its burden in either of these ways, the plaintiff may still defeat removal if he or she shows that it is legally certain that his or her recovery will be less than $75,000. *See De Aguilar*, 47 F.3d at 1411-12.  To satisfy this standard, absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit *with* their complaints." *De Aguilar*, 47 F.3d at 1412 (emphasis added).

Regarding this requirement, the Fifth Circuit has explained:

> The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations. Certainly, plaintiffs who plead for specific damages and who are in states that have procedural rules binding them to their pleadings will satisfy their burdens more easily.  Others will have the same opportunity to avoid federal court but will have to choose another method to show their commitment to recovery below the threshold amount.

*Id*. at 1412, n. 10.  In Louisiana state courts, plaintiffs are not limited to the damages requested in their pleadings.  *See* La. Code Civ. P. art. 862.  Accordingly, for pre-removal state court pleadings and stipulations to be binding and, thus, preclude federal court removal, Louisiana plaintiffs must affirmatively renounce the right to accept a judgment in excess of $75,000.  *Levith v. State Farm Fire and Cas. Co.,* Civil Action No. 06-2785, 2006 WL 2947906, *2 (E.D. La. 2006) (Vance, J.); *Crosby v. Lassen Canyon Nursery, Inc*., Civil Action No. 02-2721, 2003 WL 22533617, *3 (E.D. La. 2003) (Vance, J.).[4]

---

[4] In *Engstrom v. L-3 Communications Government Services, Inc*., Civil Action No. 04-2971, 2004 WL 2984329, * 4 (E.D. La. 2004), this Court granted the plaintiffs' motion to remand where the petition contained a paragraph in which each plaintiff "affirmatively and knowingly waive[d] entitlement to any damages . . . , including penalties and statutory attorney's fees, but

Post-removal affidavits or stipulations may be considered in support of remand only under limited circumstances. If the amount in controversy is ambiguous at the time of removal, the Court may consider such post-removal submissions, but solely to ascertain the amount in controversy as of the date of removal. *See Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000); *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.,* 988 F.2d 559, 565 (5th Cir. 1993)(in determining whether remand is proper, a court may consider an affidavit clarifying a petition that previously left the jurisdictional question ambiguous); *Ardoin v. Allstate Ins. Co.,* No. 06-7624, 2007 WL 97062, *2 (E.D. La. 2007) (Vance, J.); *Tenet Health Systems Hosps. Inc. v. Crosby Tugs, Inc., et al.*, No. 04-1632, 2005 WL 1038072, *4, n.10 (E.D. La. 2005) (Engelhardt, J.). If the amount in controversy, however, is clear from the face of the complaint, post-removal stipulations, affidavits, and amendments purporting to reduce the amount of damages sought by the plaintiff cannot deprive a federal court of jurisdiction. *Gebbia*, 233 F.3d at 883.

Here, Plaintiff's petition does not contain a binding stipulation limiting the amount of recoverable damages, or a statement of the sort allowed by Article 893 of the Louisiana Code of Civil Procedure.[5] Nevertheless, it is not facially apparent that Plaintiff's claims are likely to exceed $75,000. Nor has State Farm set forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount.

---

exclusive of interest and costs, in excess of $74, 999." The Court found that the waiver language constituted a binding stipulation or "judicial confession" under Louisiana law, and, as a matter of law, prevented the plaintiffs from recovering more than the jurisdictional amount. *Id*.

[5] Although prohibiting the inclusion of a "specific monetary amount of damages" in the petition, Article 893 allows, among other things, a general allegation that the damages at issue are insufficient to provide federal court diversity jurisdiction. *See* La. Code Civ. Proc. art. 893(A)(1).

In his petition, Plaintiff alleges that his damaged office "contained equipment, furniture, records, and software vital to the performance of [his] services to his clients."[6] He further contends that his office suffered "extreme flooding" and that his "losses for flood damage to the contents of [his] office are presently estimated to be in excess of $55,000."[7] He seeks recovery of his losses, as well as statutory penalties, costs, and attorney fees "for failure to properly handle and adjust [his] flood claim."[8] In his remand submission, Plaintiff avers that the "principal amount of [his] claim is $55,000.00."[9]

In urging that the amount in controversy exceeds $75,000, as required by §1332, State Farm does not contest that Plaintiff's flood losses approximate $55,000. Rather, it argues that Plaintiff's claims for statutory penalties and attorney fees put the amount in controversy over the necessary threshold.

State Farm is correct that claims for penalties and attorney fees authorized by statute are to be considered by the Court in determining the amount of controversy. *See, e.g., Manguno*, 276 F.3d at 723-24; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Ardoin v. Allstate Ins. Co.*, Civil Action No. 06-7624, 2007 WL 97062, *2 (E.D. La. 2007) (Vance, J.); *Bagneris v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. 95-1680, 1995 WL 683876, *1 (E.D. La.) (Carr, J.). Plaintiff's claims for penalties and attorney fees rest on his

---

[6]   *See* Petition at ¶ 4.

[7]   *Id.* at ¶¶ 6 and 12.

[8]   *Id.* at ¶ 13 and unnumbered "prayer" paragraph.

[9]   *See* Memorandum in Support of Motion to Remand for Lack of Subject Matter Jurisdiction (Rec. Doc. No. 10-2) at 1.

assertion that State Farm failed to "properly handle and adjust [his] flood claim."[10] Such assertions implicate the statutory remedies provided by La. R.S. 22:1220 and La. R.S. 22:658; therefore, the relief provided by these statutes is to be considered in calculating the amount in controversy.

Neither Plaintiff's petition or State Farm's remand submission, however, purport to identify any damages, by category or otherwise, that are sought under La. R.S. 22:1220. This is significant because a plaintiff's recovery under that statute is limited to $5,000 if he or she cannot prove higher, actual damages resulting from the insurer's breach. *See In re Hannover Corp. of America*, 67 F.3d 70, 76 (5th Cir. 1995); *Hammel v. State Farm Fire and Cas. Co.*, Nos. 06-7470, 06-9615, 2007 WL 519280, * 7 (E.D. La. 2007) (Vance, J.); *but see Ibrahim v. Hawkins*, 845 So. 2d 471, 482-83 (La. App. 1 Cir. Feb. 14, 2003) ($5,000 penalty under La. R.S. 22:1220 not owed unless some damages suffered as direct result of the insurer's conduct). Accordingly, the highest value that the Court can attribute to this claim, as thus presented, is $5,000.

With respect to La. R.S. 22:658, State Farm urges that the version of that statute in effect prior to August 15, 2006, which authorized a penalty of the greater of 25% of the amount due, or $1,000, but no attorney fees, applies here.[11] For purposes of resolving Plaintiff's motion to

---

[10] *See* Petition at ¶ 13.

[11] *See* La. R.S. 22:658 (2003); 2003 La. Acts. No. 790 §1. In 2006, the Louisiana Legislature amended the statute to provide a penalty of the greater of 50% of the amount due, or $1,000, as well as reasonable attorney fees and costs. *See* La. R.S. 22:658 (2003); 2006 La. Acts No. 813, §1. This amendment took effect on August 15, 2006. *See* La. Const. art. 3, § 19 (unless specified in the legislation, laws enacted during a regular legislative sessions take effect on August 15 of the calendar year during which the session is held; laws enacted during an extraordinary session take effect sixty days following final adjournment of that session); *see also, e.g., Paulsen v. State Farm Ins. Co.,* Civil Action No. 06-9546, 2008 WL 239785 (E.D. La. 2008) (Africk, J.) (discussing non-retroactivity of 2006 amendment and differing judicial views regarding its application to continuing conduct); *Weiss v. Allstate Ins. Co.*, Civil Action No. 06-3774, 2007 WL 1017341 (E.D. La. 2008) (Vance, J.) (discussing effective date of 2006 amendment and non-

remand, the Court assumes State Farm is correct regarding the applicable version of the statute. Applying a 25% penalty to the approximately $55,000 of losses asserted by Plaintiff, the resulting potential award under La. R.S. 22: 658 would be $13, 750.[12]

A plaintiff cannot recover penalties under both La. R.S. 22:1220 and La. R.S. 22:658 for the same conduct. Rather, the higher penalty supersedes the lower penalty. *See, e.g., Calogero v. Safeway Ins. Co.*, 753 So. 2d 170, 174 (La. 2000); *see also Carpenter v. State Farm Ins. Co.*, Civil Action No. 06-8456, 2007 WL 4124549, *1 (E. D. La.) (Fallon, J.). Thus, on the showing made, the relevant penalty amount, under La. R.S. 22:658, is $13,750. Adding this amount to the approximately $55,000 in losses sought by Plaintiff yields the sum of $68,750.[13]

Accordingly, on the showing made, the Court concludes that the removing defendant, State Farm, has not borne its burden of demonstrating that Plaintiff's claims are likely to exceed $75,000. As previously stated by the Court in *George v. DirecTV*, Civil Action No. 06-9032, 2007 WL 1521014, *3 (E.D. La. 2007) (Engelhardt, J.):

> . . . the Court acknowledges that Plaintiff's alleged damages actually *may* total more than $75,000. This has not been shown to be likely from the face of the petition, however, and the Court declines to speculate in favor of removal. The Court also realizes that removing defendants face a difficult task when the allegations of a state court

---

retroactivity).

[12]   Given that the 2003 version of the La. R.S. 22:658 does not authorize an award of attorney fees, the Court does not include them in its calculation of the amount in controversy. In any event, State Farm has not set forth any evidence of the amount of attorney's fees being sought, or otherwise addressed the amount of fees likely to be awarded in this instance. *See, e.g., Ho v. Colony Ins. Co.*, Civil Action No. 07-6990, 2008 WL 145023, *2 (E.D. La.) (Africk, J.)(citing a lack of evidence of fees); *Doyle v. Allstate Ins. Co.,* Civil Action No. 06-1521, 2006 WL 3916579, *1 (W.D. La. 2006) (Wilson, M.J.) (discussing fee awards in other cases).

[13]   Even if the $5,000 penalty under La. 22:1220 were added, the total amount would be only $73,750.

>petition are, as here, rather vague regarding the amount of damages at issue. Significantly, however, Defendant has never sought to introduce discovery responses that further clarify the amount in dispute, or informed the Court that any requests for such discovery have been denied.

Essentially the same rationale applies here. The Court therefore finds that this action must be remanded to state court for lack of subject matter jurisdiction.

## **CONCLUSION**

For the foregoing reasons, the Court finds that subject matter jurisdiction under 28 U.S. C. § 1332 has not been shown to exist with respect to this action. Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Remand is **GRANTED**. **IT IS FURTHER ORDERED** that this action is **REMANDED** to the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana, this 7th day of March 2008.

_____
**Kurt D. Engelhardt**
**United States District Judge**